Norman W. Seiter, Jr., Esq. Informal Opinion Town Attorney No. 97-23 Town of Palermo P.O. Box 120 Mexico, New York 13114
Dear Mr. Seiter:
You have informed us that the town board, acting under section 36
of the Town Law, abolished the elected position of tax collector. You inquire whether the procedure they followed is consistent with the requirements of the statute.
The town board adopted a resolution on October 24, 1995 to abolish the office of tax collector, effective January 1, 1998. The position of tax collector has a two-year term and the present term expires on December 31, 1997. Therefore, the term of the current incumbent began on January 1, 1996, subsequent to the enactment of the resolution by the town board.
Under section 36 of the Town Law, the town board of any town of the second class may by resolution
 adopted at least one hundred fifty days prior to any biennial town election, determine that said office [tax collector] be abolished, same to take effect at the expiration of the term of office to which the incumbent was elected or appointed.
Your view is that since the resolution was adopted at least one hundred and fifty days prior to the November 1997 election, abolition of the office, effective January 1, 1998, is consistent with the requirements of the statute.
In our view, the town board has not acted in accordance with the provisions of the statute. Under section 36, the resolution is to take effect upon the expiration of the incumbent's term. The clear intent is that the resolution be passed during the term of the current incumbent and at least one hundred and fifty days prior to the biennial election. The office of tax collector will be abolished upon expiration of the incumbent's term.
This interpretation of the statute ensures that the abolition of the office takes effect upon expiration of the term of the incumbent serving at the time the resolution is passed by the town board. Under the town's application of the statute, a resolution could abolish the office of tax collector upon the expiration of the term of any future officeholder. The abolition could take effect during a future town board's term. This interpretation is not consistent with the statutory language nor with the apparent statutory intent to authorize a town board to abolish the office of town tax collector upon the expiration of the term of the person holding office at the time the resolution is passed.
The current town board, if it desires, may enact another resolution at least one hundred and fifty days prior to the November 1997 election to abolish this office, effective January 1, 1998.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
JAMES D. COLE
Assistant Attorney General in Charge of Opinions